No. 25-1480

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————————

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND ENERGY
MARKETERS OF AMERICA

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY AND LEE M. ZELDIN, IN HIS
OFFICIAL CAPACITY AS ADMINISTRATOR OF THE U.S. ENVIRONMENTAL
PROTECTION AGENCY

———————————

**On Petition for Review from the
U.S. Environmental Protection Agency
EPA-HQ-OAR-2022-0332**

———————————

**MOTION BY THE STATES OF CALIFORNIA, COLORADO,
CONNECTICUT, DELAWARE, HAWAII, ILLINOIS, MAINE,
MARYLAND, MASSACHUSETTS, MINNESOTA, NEW JERSEY,
NEW YORK, OREGON, RHODE ISLAND, VERMONT, AND
WASHINGTON; THE DISTRICT OF COLUMBIA;
AND THE CITIES OF CHICAGO, LOS ANGELES, AND NEW YORK
FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENTS**

———————————

ROB BONTA
 *Attorney General of California*
TRACY L. WINSOR
 *Senior Assistant Attorney General*
DENNIS L. BECK, JR.
 *Acting Senior Assistant Attorney
 General*
MYUNG J. PARK
 *Supervising Deputy Attorney
 General*
KAVITA LESSER
*Acting Supervising Deputy Attorney
General*

KATHERINE GAUMOND
CAITLAN MCLOON
M. ELAINE MECKENSTOCK
 *Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
 1515 Clay Street, 20th Floor
 Oakland, CA 94612-0550
 Telephone: (510) 879-0299
 Fax: (510) 622-2270
 Email: Elaine.Meckenstock@doj.ca.gov
 *Attorneys for State of California*

March 26, 2025     (additional counsel on signature pages)

Pursuant to Federal Rule of Appellate Procedure (FRAP) 15(d), the States of California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Minnesota, New Jersey, New York, Oregon, Rhode Island, Vermont, and Washington; the Commonwealth of Massachusetts; the District of Columbia; and the Cities of Chicago, Los Angeles, and New York (collectively, "Movant-Intervenor States") hereby move the Court for leave to intervene in case number 25-1475 in support of Respondent United States Environmental Protection Agency (EPA). This Court has already granted Movant Intervenor States' motion to intervene in case number 25-89, which seeks review of the same EPA action. ECF Doc. No. 10.1 (Case No. 25-89). Movant-Intervenor States are simultaneously moving to intervene in this case and in case number 25-1475, which also seeks review of the same EPA action, because they understand this Court may require intervention motions to be filed in each case.

## INTRODUCTION

Petitioners challenge EPA's action, under the Clean Air Act, to waive preemption for and authorize the addition of the Heavy-Duty Vehicle Omnibus Low NOx regulation (Omnibus Regulation) to California's vehicle emission control programs. 90 Fed. Reg. 643 (Jan. 6, 2025). EPA's action permits Movant-Intervenor California to enforce this regulation in California. By congressional design, 42 U.S.C. §§ 7507, 7543(e)(2)(B), EPA's action also permits other States

1

that have elected to adopt this regulation—including other Movant-Intervenor States—to enforce it in their jurisdictions. California and these other Movant-Intervenor States have undeniable sovereign interests at stake in this litigation. Movant-Intervenor States also have substantial interests in the benefits—including emission reductions and technological advancements—that the Omnibus Regulation is designed to produce.

Movant-Intervenor States therefore easily satisfy the requirements for intervention. Indeed, this Court and other courts have consistently granted motions to intervene to defend these state interests in other Clean Air Act preemption waivers and authorizations. *E.g.*, *Ohio v. EPA*, 98 F.4th 288 (D.C. Cir. 2024); *Dalton Trucking, Inc. v. EPA*, 846 F. App'x 442 (9th Cir. 2021); *Chamber of Commerce v. EPA*, 642 F.3d 192 (D.C. Cir. 2011); *Am. Trucking Ass'ns, Inc. v. EPA*, 600 F.3d 624 (D.C. Cir. 2010); *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA (MEMA I)*, 627 F.2d 1095 (D.C. Cir. 1979). Movant-Intervenor States respectfully request that the Court similarly allow intervention here.

Respondent takes no position on this motion but reserves the right to respond. Petitioners take no position, and Movant-Intervenor Public Interest Organizations (ECF Doc. No. 8.1) do not oppose.

**BACKGROUND**

Through a series of Clean Air Act amendments beginning in 1967, Congress has carefully constructed a regulatory regime to control harmful emissions from both on-road motor vehicles and off-road vehicles and engines. Specifically, Congress determined that manufacturers of these vehicles and engines could be subject to two, but only two, sets of emission standards—one federal, one state—in order to balance manufacturers' fears of "having to meet fifty-one separate sets of [state and federal] emissions control requirements" with the technological innovation and air quality benefits derived from differential regulation in a limited market. *MEMA I*, 627 F.2d at 1109-10.

Under this carefully balanced regime, EPA must establish federal standards for new motor vehicles and for new off-road vehicles and engines that "cause, or contribute to, air pollution which may reasonably be anticipated to endanger public health or welfare." 42 U.S.C. § 7521(a) (new motor vehicles); *see also id.* § 7547(a) (off-road vehicles and engines). States are generally preempted from establishing their own standards for these emissions. 42 U.S.C. §§ 7543(a), 7543(e)(2).[1] But Congress also chose to provide a way for States to adopt and enforce a second set of standards—i.e., state standards that differ from EPA's.

---

[1] Section 209(e)(2), 42 U.S.C. § 7543(e)(2), "does not expressly preempt any state regulation." *Engine Mfrs. Ass'n v. EPA*, 88 F.3d 1075, 1087 (D.C. Cir.
(continued…)

Specifically, Congress recognized that California began regulating vehicular emissions before other States or the federal government and opted to permit California to "improve on its already excellent program of emissions control." *MEMA I*, 627 F.2d at 1109-10 (internal quotation marks omitted). In 1967, Congress thus required EPA to waive Clean Air Act preemption for California's new motor vehicle emission program unless the evidence establishes one of three limited criteria for denial of a waiver request. 42 U.S.C. § 7543(b)(1).[2] And in 1990, Congress effectively replicated this approach in the off-road vehicle and engine context. *Id.* § 7543(e)(2)(A).

When it designed this approach, Congress recognized the "harsh reality" of California's air pollution problems, as well as the regulatory expertise California had developed in this field. H.R. Rep. No. 90-728, at 96-97 (1967); *see also* S. Rep. No. 90-403, at 33 (1967). Congress also valued the "benefits for the Nation" that derive from California "act[ing] as a kind of laboratory for innovation," including the development and commercialization in the California market of

---

1996). This section has nonetheless been interpreted to impliedly preempt certain state regulations applicable to off-road vehicles and engines—namely, regulations EPA must authorize before they can be enforced. *Id.* at 1087-88.

[2] The waiver provision refers to "any State which has adopted standards (other than crankcase emission standards) for the control of emissions from new motor vehicles or new motor vehicle engines prior to March 30, 1966." 42 U.S.C. § 7543(b)(1). "California is the only state which had" done so. *MEMA I*, 627 F.2d at 1100 n.1.

vehicular emission control technologies that EPA might later decide to require nationwide for the benefit of all Americans. *MEMA I*, 627 F.2d at 1109-11 (internal quotation marks omitted).

Congress also recognized that States other than California face challenges with air pollution control and might want the option to adopt and enforce emission standards different from—and often more stringent than—the federal standards promulgated by EPA. To that end, Congress authorized other States to adopt California's new motor vehicle emission standards as their own, under certain conditions, with enforcement of those state standards predicated on EPA granting California a waiver. 42 U.S.C. § 7507 (Section 177). And Congress similarly permitted other States to adopt California's standards for off-road vehicles and engines, again subject to certain conditions and with enforcement predicated on EPA authorization. *Id.* § 7543(e)(2)(B). In this way, Congress maintained the emission-reduction and other benefits that flow from state regulatory experimentation while ensuring manufacturers need not meet more than two sets of emission standards.

This regulatory structure has operated as Congress intended for more than half a century. California has "expand[ed] its pioneering efforts" to reduce vehicle and engine emissions, pursuant to preemption waivers and authorizations granted

by EPA. *See MEMA I*, 627 F.2d at 1111.[3] Seventeen other States—sometimes referred to as "Section 177 States"—have exercised the option to adopt some or all of California's motor vehicle emission standards, after concluding that those standards best served the needs of their States.[4] And EPA has continued to "draw[] heavily on the California experience to fashion and improve the national efforts at emissions control," thereby reducing air pollution nationwide. *See MEMA I*, 627 F.2d at 1110.[5]

Pursuant to this long-standing statutory structure, EPA waived Clean Air Act preemption for and authorized California's addition of the Omnibus Regulation to the State's emission control program. 90 Fed. Reg. 643 (Jan. 6, 2025). The Omnibus Regulation primarily establishes more stringent standards for nitrous oxide (NOx) and particulate matter (PM) exhaust emissions from new medium- and heavy-duty vehicles and engines. 87 Fed. Reg. 35,765, 35,766 (June 13, 2022). Among other things, the Omnibus Regulation also strengthens California's PM emission standard for off-road diesel-fueled auxiliary power units installed on

---

[3] *See* EPA, *Vehicle Emissions California Waiver and Authorizations* https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-authorizations#notices (last visited Dec. 4, 2024).

[4] *See* California Air Resources Board, States that have Adopted California's Vehicle Regulations | California Air Resources Board, (last visited Dec. 17, 2024).

[5] *See also* California Air Resources Board, Comments on the Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule for Model Years 2021-2026 Passenger Cars and Light Trucks (Oct. 26, 2018) at 44-48 (EPA-HQ-OAR-2018-0283-0756), available at Regulations.gov (last visited Jan. 15, 2025).

heavy-duty trucks—e.g., the units that power climate control for sleeper berths. *Id.*[6]

Petitioners challenge EPA's waiver and authorization action, seeking to vacate it. The Movant-Intervenor States that have adopted the Omnibus Regulation seek to intervene to defend EPA's action in order to retain authority to enforce their existing laws, and to enable the emissions benefits and technology advancements these state standards provide. The Movant-Intervenor States, including those that have not adopted these California standards, also seek to protect the option Congress afforded them to adopt and enforce state vehicle and engine emission standards.

## LEGAL STANDARD

Federal Rule of Appellate Procedure (FRAP) 15(d) authorizes intervention in circuit court proceedings to review agency actions on a motion containing "a concise statement of the interest of the moving party and the grounds for intervention" that is filed "within 30 days after the petition for review."

---

[6] *See* California Air Resources Board, Waiver and Authorization Request (Waiver Req.) (Jan 31, 2022) at 9-41 (describing various elements of the Omnibus Regulation) (EPA-HQ-OAR-2022-0332-0009, available at Regulations.gov (last visited Jan. 15, 2025).

## ARGUMENT

### I.   MOVANT-INTERVENOR STATES EASILY SATISFY THE REQUIREMENTS FOR INTERVENTION

#### A.   Timeliness

This motion is timely.  FRAP 15(d) provides that a party seeking intervention

must do so "within 30 days after the petition for review is filed."  The petition in

Case No. 25-1480 was filed on March 7, 2025.  ECF Doc. No. 1.  This motion is

well within the 30-day period provided by FRAP 15(d).

#### B.   Interest and Grounds for Intervention

Rule 15(d) further requires that a party seeking to intervene provide "a

concise statement of the interest of the moving party and the grounds for

intervention."  Fed. R. App. P. 15(d).  This Court has noted that this "test is

primarily a practical guide to disposing of lawsuits by involving as many

apparently concerned persons as is compatible with efficiency and due process."

*County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (quoting *Nuesse v.

Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

There is no question that California—and the other States that have adopted

California's standards or may wish to do so—have an interest in EPA's action.

Movant-Intervenor States "clearly ha[ve] a legitimate interest in the continued

enforceability of [their] own statutes," *Cameron v. EMW Women's Surgical Ctr.*,

*P.S.C.*, 595 U.S. 267, 277 (2022), and in the emission reduction and other benefits

those laws are designed to produce, *see Maryland v. King*, 567 U.S. 1301, 1303 (2012). Movant-Intervenor States therefore have grounds for intervention, because if Petitioners' challenge to this waiver and authorization were successful, these interests would be impaired.

First, EPA's action allows the Movant-Intervenor States who have adopted parts of the Omnibus Regulation to enforce it. EPA's action also allows other qualifying States to decide for themselves, as Congress intended, whether to pursue that same course. And if EPA's action were vacated by an unfavorable decision of this Court, those state interests in enforcing their own regulations and exercising the option afforded to them by Congress would be impaired. *Cameron*, 595 U.S. at 277; *see also Alaska v. U.S. Dep't of Transp.*, 868 F.2d 441, 444 (D.C. Cir. 1989) ("Inasmuch as this preemptive effect is the injury of which petitioners complain, we are satisfied that the States meet the standing requirements of Article III.").

Second, in addition to infringing upon their sovereign authority and the rights afforded them by Congress, the inability to enforce existing state laws would result in increased emissions in Movant-Intervenor States. *See* Waiver Req. at 2. Movant-Intervenors States clearly have an interest in "employ[ing] a duly enacted [state law] to help prevent" harms to local residents and businesses caused by emissions. *Maryland*, 567 U.S. at 1303. Moreover, if Petitioners succeed in setting aside EPA's action, that would undermine the States' ability to obtain these

9

needed emission reductions for meeting the federally mandated air quality standards. *See California v. Trump*, 963 F.3d 926, 938 (9th Cir. 2020) (holding State is injured when "enforcement of its air quality standards for complying with the Clean Air Act" is undermined); *New Jersey v. EPA*, 989 F.3d 1038, 1047 (D.C. Cir. 2021) (similar).

It is not surprising, then, that this Court and other courts have consistently granted motions to intervene to defend these state interests in prior Clean Air Act waivers and authorizations. *See supra* 2. Movant-Intervenor States thus satisfy the interest requirements for intervention as of right under FRAP 15(d).[7]

## II. MOVANT-INTERVENOR STATES ALSO EASILY SATISFY THE INTERVENTION REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE, IF THOSE APPLY

In determining whether to grant intervention motions, some courts draw on the policies underlying Federal Rule of Civil Procedure 24. *E.g.*, *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997). Movant-Intervenor States satisfy those requirements as well.

### A. Intervention as of Right

Under Federal Rule of Civil Procedure (FRCP) 24, this Court requires a party requesting intervention as of right to satisfy four factors:

---

[7] These same interests would establish standing, if that were required. *See Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1085 (9th Cir. 2022).

10

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011); *see also Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232-33 (D.C. Cir. 2018) (resolving FRAP 15(d) motion to intervene by looking "to the timeliness of the motion to intervene and to whether the existing parties can be expected to vindicate the would-be intervenor's interests").

 <u>Timeliness, Protectable Interest, and Potential Impairment</u>: As discussed above, Movant-Intervenor States have filed a timely a motion and have established a protectable interest that may be impaired.  *See supra* 8-10.

 <u>Inadequate Representation</u>: Under FRCP 24(a) this Court considers whether "existing parties adequately represent" the would-be intervenor's interests.  Fed. R. Civ. P. 24(a)(2).  "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).  The Court examines three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments;

11

> (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* It is sufficient to show that, due to differences in interests, it is likely that the parties will not advance the same arguments as the proposed intervenor. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823-24 (9th Cir. 2001).

Movant-Intervenor States easily meet this test. They have unique sovereign interests in their abilities to 1) enforce their own, existing laws; and 2) exercise the congressionally granted option to adopt and enforce California vehicle and engine emission standards (assuming the conditions in 42 U.S.C. §§ 7507, 7543(e)(2)(B) are satisfied). These state sovereign interests are different from EPA's interests as a federal agency. As a consequence, EPA and Movant-Intervenor States may choose to advance different arguments or make different strategic choices in this litigation. This Court has previously recognized that a federal agency's interests may not be the same as those of state and local governments. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) (finding interests of State of Arizona and Apache County not necessarily represented by the U.S. Forest Service). And the change in federal administration that has occurred since this waiver was granted further underscores the possibility that EPA may not adequately represent these States' interests. *See* 84 Fed. Reg. 51,310 (Sept. 27, 2019) (withdrawing previously granted Clean Air Act waiver).

12

Movant-Intervenor States therefore satisfy this final requirement for intervention as of right.

## B. Permissive Intervention

While Movant-Intervenor States readily satisfy the requirements for intervention as of right, they also satisfy the requirements for permissive intervention. Under FRCP 24(b), courts may "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1), or when "a federal or state governmental officer or agency" seeks to intervene and "a party's claim or defense is based on . . . (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order," Fed. R. Civ. P. 24(b)(2). The motion must also be timely such that intervention would not "unduly delay or prejudice" the original parties. Fed. R. Civ. P. 24(b)(3).

Movant-Intervenor States seek to intervene to protect their ability to adopt and enforce their own laws and to exercise their congressionally established rights to choose which vehicle and engine emission standards will be enforceable within their respective jurisdictions. The claims and defenses of Movant-Intervenor States unquestionably share commonality with the petitions which seek to prevent these States from taking those same steps. In addition, it is likely that at least some

13

"party's claim or defense" will be "based on" the Omnibus Regulation, Fed. R. Civ. P. 24(b)(2), given that EPA's action permits the Movant-Intervenor States who have adopted parts of that regulation to enforce it. Moreover, as discussed above, this motion is timely under the Federal Rules of Appellate Procedure, *see supra* 7, and there is no basis for a conclusion that Movant-Intervenor States' intervention at this early stage will cause undue delay or prejudice. Accordingly, Movant-Intervenor States are entitled to permissive intervention under FRCP 24(b)(1) or 24(b)(2).

## CONCLUSION

Movant-Intervenor States respectfully request that this Court grant this intervention motion, for the reasons discussed above.

Dated:  March 26, 2025                    Respectfully submitted,

                                          ROB BONTA
                                          Attorney General of California
                                          TRACY L. WINSOR
                                          Senior Assistant Attorney General
                                          DENNIS L. BECK, JR.
                                          Acting Senior Assistant Attorney General
                                          MYUNG J. PARK
                                          Supervising Deputy Attorney General
                                          KAVITA LESSER
                                          Acting Supervising Deputy Atty. General
                                          KATHERINE GAUMOND
                                          CAITLAN MCLOON
                                          Deputy Attorneys General


                                          */s/ M. Elaine Meckenstock*
                                          M. ELAINE MECKENSTOCK
                                          Deputy Attorney General
                                          1515 Clay Street, 20th Floor
                                          P.O. Box 70550
                                          Oakland, CA  94612-0550
                                          Telephone: (510) 879-0299
                                          Fax: (510) 622-2270
                                          Email:  Elaine.Meckenstock@doj.ca.gov
                                          *Attorneys for State of California*

FOR THE STATE OF COLORADO

PHILIP J. WEISER
ATTORNEY GENERAL

*/s/ David A. Beckstrom*
DAVID A. BECKSTROM
Second Assistant Attorney General
Colorado Department of Law
Natural Resources and Environment
Section
1300 Broadway, Tenth Floor
Denver, Colorado 80203
(720) 508-6306
david.beckstrom@coag.gov

FOR THE STATE OF CONNECTICUT

WILLIAM TONG
ATTORNEY GENERAL

MATTHEW I. LEVINE
Deputy Associate Attorney General

*/s/ Scott N. Koschwitz*
SCOTT N. KOSCHWITZ
Assistant Attorney General
Connecticut Office of the Attorney
General
165 Capitol Avenue
Hartford, Connecticut 06106
(860) 808-5250
scott.koschwitz@ct.gov

FOR THE STATE OF DELAWARE

KATHLEEN JENNINGS
ATTORNEY GENERAL

*/s/ Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

FOR THE STATE OF HAWAII

ANNE E. LOPEZ
ATTORNEY GENERAL

*/s/ Lyle T. Leonard*
LYLE T. LEONARD
Deputy Attorney General
465 S. King Street, #200
Honolulu, Hawaii 96813
(808) 587-3050
lyle.t.leonard@hawaii.gov

16

FOR THE STATE OF ILLINOIS

KWAME RAOUL
ATTORNEY GENERAL

*/s/ Jason E. James*
MATTHEW J. DUNN
Chief, Environmental
Enforcement/Asbestos Litigation
Division
JASON E. JAMES
Assistant Attorney General
Office of the Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
jason.james@ilag.gov

FOR THE STATE OF MAINE

AARON M. FREY
ATTORNEY GENERAL

*/s/ Robert Martin*
ROBERT MARTIN
Assistant Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8579
robert.martin@maine.gov

17

FOR THE STATE OF MARYLAND

ANTHONY G. BROWN
ATTORNEY GENERAL

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD 21202
410-576-6414
sgoldstein@oag.state.md.us

FOR THE COMMONWEALTH OF
MASSACHUSETTS

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

TURNER H. SMITH
Assistant Attorney General,
Deputy Chief, Energy and Environment
Bureau

*/s/ Seth Schofield*
SETH SCHOFIELD
Senior Appellate Counsel
JON WHITNEY
Assistant Attorney General
Office of the Attorney General
Energy and Environment Bureau
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200
seth.schofield@mass.gov

FOR THE STATE OF MINNESOTA

KEITH ELLISON
ATTORNEY GENERAL

*/s/ Peter Surdo*
PETER N. SURDO
Special Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2127
(651) 757-1061
peter.surdo@ag.state.mn.us

FOR THE STATE OF NEW JERSEY

MATTHEW J. PLATKIN
ATTORNEY GENERAL

*s/Lisa Morelli*
Lisa Morelli
Deputy Attorney General
Division of Law
25 Market St., P.O. Box 093
Trenton, NJ 08625
(609) 376-2735
lisa.morelli@law.njoag.gov

18

FOR THE STATE OF NEW YORK

LETITIA JAMES
ATTORNEY GENERAL

JUDITH N. VALE
Deputy Solicitor General
ELIZABETH A. BRODY
Assistant Solicitor General
YUEH-RU CHU
Chief, Affirmative Litigation Section
Environmental Protection Bureau

*/s/ Ashley M. Gregor*
ASHLEY M. GREGOR
Assistant Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8454
ashley.gregor@ag.ny.gov

FOR THE STATE OF OREGON

DAN RAYFIELD
ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

FOR THE STATE OF RHODE
ISLAND

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Nicholas M. Vaz*
Nicholas M. Vaz
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

FOR THE STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Hannah Yindra*
HANNAH YINDRA
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov

19

FOR THE STATE OF WASHINGTON

NICHOLAS W. BROWN
ATTORNEY GENERAL

*/s/ Alexandria Doolittle*
ALEXANDRIA K. DOOLITTLE
Assistant Attorney General
Office of the Attorney General
P.O. Box 40117
Olympia, Washington 98504-0117
(360) 586-6769
Alex.Doolittle@atg.wa.gov

FOR THE DISTRICT OF COLUMBIA

BRIAN L. SCHWALB
ATTORNEY GENERAL

*/s/ Caroline S. Van Zile*
CAROLINE S. VAN ZILE
Solicitor General
Office of the Attorney General for the
District of Columbia
400 6th Street N.W., Suite 8100
Washington, D.C. 20001
(202) 724-6609
caroline.vanzile@dc.gov

FOR THE CITY OF CHICAGO

MARY B. RICHARDSON-LOWRY
CORPORATION COUNSEL

*/s/ Elizabeth Mary Tisher*
ELIZABETH MARY TISHER
Assistant Corporation Counsel
2 N. LaSalle Street, Suite 580
Chicago, IL 60602
(312) 744-3173
elizabeth.tisher@cityofchicago.org

FOR THE CITY OF LOS ANGELES

HYDEE FELDSTEIN SOTO
LOS ANGELES CITY ATTORNEY

*/s/ Michael J. Bostrom*
MICHAEL J. BOSTROM
Senior Assistant City Attorney
201 N. Figueroa St., 13th Floor
Los Angeles, CA 90012
(213) 978-1867
Michael.Bostrom@lacity.org

FOR THE CITY OF NEW YORK

MURIEL GOODE-TRUFANT
CORPORATION COUNSEL

*/s/ Hilary Meltzer*
HILARY MELTZER
Chief, Environmental Law Division
New York City Law Department
100 Church Street, Rm 6-146
New York, NY 10007
Telephone: (212) 356-2070
hmeltzer@law.nyc.gov